The second argument is Case 25-2211 Western Arkansas Fayetteville Public Library et al. v. Todd Murray et al. 25-2427 Western Arkansas Fayetteville Public Library et al. v. Crawford County, Arkansas et al. 25-2427 Western Arkansas Fayetteville Public Library et al. You may proceed. Chief Judge Colleton, it may please the Court, I am sharing my time with Crawford County and will leave three minutes for their argument. Fee shifting is not a blank check. Here, the District Court awarded plaintiffs nearly half a million dollars in attorney's fees, only after overlooking Rule 54's mandatory deadline, never discussing this Court's controlling decision in Spirit Lake, approving above-market rates, and accepting hours that were not reasonably expended. Those errors exceeded the bounds of discretion, and this Court should reverse or substantially reduce the award. I will begin with Spirit Lake, as Rule 54's application eliminates more than $200,000 of fees incurred through the preliminary injunction stage. Lackey, which was published in the middle of attorney's fees briefing, concerns prevailing party status under Section 1988, not Rule 54's timing requirements, definition of judgment, or notice-giving function. Spirit Lake was clear that regardless of whether the preliminary injunction order ever became one that entitled plaintiffs to fees, they still had to move within 14 days after entry of the preliminary injunction order, based on the plain text of Rule 54, which, as this Court recognized in Spirit Lake, serves the important notice-giving function recognized in Spirit Lake. Nothing in Lackey attacks that logic, a point plaintiffs conceded below at Docket 154-2. Plaintiff's argument here recycles the theory pressed by Spirit Lake plaintiffs, who argued that they were not a prevailing party and thus had no obligation to move for fees. But here the preliminary injunction ripened into one that conferred prevailing party status when the Court entered a preliminary injunction. Lackey arose in a dispositively different procedural posture, and plaintiffs don't face any of the mootness issues that deprived them from obtaining relief on the merits. And even if a fee motion were premature on the merits, prematurity does not suspend Rule 54's plain text obligation, which a district court recently recognized, observing that Spirit Lake was fundamentally grounded in the text of Rule 54, rather than the existence of prevailing party status. And just like the district court did not think about or even mention Spirit Lake in making its argument, the district court's lodestar analysis did not even review things like redacted time entries. It approved time for attorneys failing to file documents. And it did not provide an explanation for why it departed from its reasoning as to rates and reasonable fees as it had done in prior cases. We're merely asking, at minimum, that the court show its work as it has in other cases. At the very least, the fee award must be reduced as it exceeds prevailing market rates and includes unnecessarily expended hours. I would like to point the court to the district court's own analysis. We need not look further. The court previously refused to grant rates in similar cases for attorneys with more than 40 years of experience and awarded rates here to five attorneys without similar finding of such experience. As to several of these attorneys, there's no evidence of them having litigated a First Amendment case. But attorneys' lack of relevant experience in similar litigation is a fact the district court itself found relevant in other cases, like human rights defense in 2023. Curiously, the district court here failed to show why this case justified departing from its previous approach in First Amendment cases. And that's also true as to hours. A reasonable fee is one that is adequate to attract competent counsel. Yet the overstaffing here mirrors a case where the district court slashed more than 500 hours from another nine attorney and four paralegal requests. Mindful of the county's time, I reserve my remaining time for rebuttal. Mindful of the county's time. What did you say about the mindfulness of the county's time? Your Honor, I'm splitting my time with the county. The county has three minutes for argument. Is this their three minutes? No. Is this the county's three minutes, or is that three more minutes for her? That is the county's three minutes. She has three minutes and 16 seconds of total argument time, or rebuttal time left. In addition to the county's three minutes? Yes. Correct. All right. Understood. Thank you. We'll hear from the county for three minutes. You may proceed, Mr. Stobaugh. Thank you, Your Honor. You may adjust that podium if you wish. I think that's all the travel it has, unfortunately. May it please the court, I'm Forrest Stobaugh representing the Crawford County Appellants. The LUD STAR is being addressed by Ms. Krause, so I'm not going to jump into it unless the court has questions for me about it. I'm going to dive right into why Crawford County should not be jointly and severally liable for the attorney's fees awarded in this case. Specifically, the district court's fee award should be reversed for two primary reasons that sort of have some overlap. First, the district court awarded fees that did not prevail over Crawford County because they either lacked standing or asserted no claims against the county. And second, the district court abused its discretion when it refused to apportion fees between the county and the other defendants in the case. The legal issues associated with the fee award should be reviewed de novo, while the actual dollars and cents should be reviewed for abuse of discretion. Moving into my first point, Your Honor, is the most egregious example I can point to are the fees awarded to what is termed in the briefing as the bookseller plaintiffs. This group of plaintiffs did not bring any claims against Crawford County, nor do I think they could have the way they were positioned. Yet the district court awarded them nearly $120,000 in fees out of a total award of almost half a million dollars. You know, the overarching dogma of awarding fees is that the fee award must be reasonable. And I would submit it's per se unreasonable to hold a defendant jointly and severally liable for fees from a plaintiff that never actually sued it. And it would just seem to be axiomatic that a party can't prevail over a defendant when it doesn't bring a claim. And, Your Honor, this is just one example of the prevailing party and standing issues in the case. We've heard already that only three of the actual plaintiffs reside in Crawford County, interact with the county library. What about the Carhartt opinion from our court? You're familiar with that? I am familiar with that case, Your Honor. And I do think that from a macro level, this is different because we have plaintiffs here who cannot obtain an enforceable judgment against the county. They cannot prevail. There are other libraries that are similarly situated. The U.S. Supreme Court has told us you cannot enjoin the world. My judgment is no good to them. It does not alter their relationship with my county. So they cannot prevail. And how is that different from the Carhartt case? Your Honor, I believe it's different. I think that in the Carhartt case that those plaintiffs had a closer relationship with the plaintiffs, or the defendants in that matter. And their injuries were more concrete as opposed to here where someone out there in the ether is just suing my county because they want to enjoin the law itself, which the Supreme Court has told us is not allowable. And, Your Honor, I see I've run out of time. I'll briefly conclude unless there are no further questions. Crawford County did not draft Act 372, did not vote on it, did not endorse it, write it into law, did not defend the merits of it below. As you can see, we didn't defend the merits of it here today. Another litigant did. The district court should have apportioned fees accordingly with an eye on standing, prevailing party status, and degree of culpability. The fee award should be reversed. Thank you. All right. Thank you for your argument. Ms. Parker, we'll hear from you. Thank you, Your Honor. Rebecca Hughes-Parker for the appellees. May it please the Court. You just heard appellants ask this Court to cut a carefully considered fee decision by almost 90%. That harsh result would thwart the purpose of Section 1988, a remedial statute. Plaintiffs here, as you know, challenged two unconstitutional provisions of state law, prevailed completely at every stage, and exercised billing judgment, reducing their request by hundreds of hours before submitting it to the district court. Does that assume, counsel, that you get beyond Spirit Lake Tribe? Yes, Your Honor. I can move to that. Our fee motion was timely here under the current landscape, as Judge Brooks found. The appellant's argument here is a gotcha argument to try to force, again, a harsh result based on a procedural technicality that, after Lackey, serves no purpose anymore. Because Lackey held that a preliminary injunction can never confer prevailing party status anymore as of February 2025, when this case was still active. So, yes, Your Honor, we contend that. How would we justify disregarding Spirit Lake? As I recall the opinion, it didn't say that fees were awarded because there was a prevailing party. I mean that the motion was required, the deadline was imposed because there was a prevailing party. It was based on the rule. Yes, Your Honor. It was based on Rule 54's requirement of a fee motion 14 days after a judgment. But the judgment... Which is defined, as I recall, in the rule, right? Yes. However, the legal landscape that Spirit Lake relied on at that time is not the same anymore. Rule 54 requires that the motion specify the judgment and the statute rule or other grounds entitling the movement to an award in 54D2B2. After Lackey, there is no prevailing party status as per Section 1988 to rely on. There is no entitlement to an award after a preliminary injunction anymore. So that part of the legal landscape that existed at the time of Spirit Lake just does not exist anymore. Spirit Lake said that in some cases, a preliminary injunction can ripen into making a party a prevailing party for purposes of 1988. However, that is not the case anymore. The Supreme Court of the United States was very clear in Lackey that simply winning a preliminary injunction motion does not confer prevailing party status. It does not conclusively change the legal relationship of the parties. There's no judicially sanctioned change. It's very clear, as Judge Brooks found, Your Honor. So further, I'd like to make the point to address some of what Appellant said. That here, the District Court was well within its discretion to award the fees. It is the job of the District Court to look at and scrutinize the factual record and make factual findings, which is what the District Court did here. There was clearly no abuse of discretion in awarding the hours and fees for a case that plaintiffs efficiently litigated. As one case could have been more than one case, but conserving judicial resources, the plaintiffs coordinated, as the District Court found in litigating this case, litigating it heavily against especially Crawford County, which was not a passive defendant, as was the case in Carhartt, which Your Honors referenced earlier. Again, we self-edited the hours before they were submitted, which the District Court recognized. And finally, the joint and several liability ruling that the District Court made here was also well within its discretion. That is the general rule for a case like this with more than one defendant. No matter, even if you don't prevail on every contention, which we did here, the general rule is joint and several liability for the defendants to apportion it among themselves. Perhaps they have a claim against each other, but the District Court followed that rule, as it has in many other cases where there is more than one defendant, even in cases where there was not total victory, as here there clearly was after the permanent injunction. And finally, I'd like to say that this case fulfills the purpose of Section 1988, which exists because Congress decided that when state actors violate constitutional rights, the financial burden should not rest on the violators, but instead on the citizens who were forced to vindicate their freedoms. And here, these laws affected many plaintiffs. There were 19 plaintiffs in this case. And the losing party here, the appellants, should be paying the fees that the District Court correctly assessed within its discretion, where it has broad discretion, which many cases have held. This is the job of the District Court to look at the factual findings and make a reasoned decision, which here the District Court clearly did, looking at our reduced hours and making further targeted reductions. So unless your honors have further questions, I would urge you to affirm the District Court's decision, both on timeliness and on the hours. Very well. Thank you for your hearing. Thank you. We'll hear Rebella. Two quick points. Their self-edited argument boils down to, it could have been worse. We could have billed more. But that's not their, and that also goes to the fact that they excluded improper time that was a baseline billing requirement under this Court's decision in Gruttmeier 31 F. 4th, where this Court has said purely clerical tasks should not be billed. That goes to duplicative time as well. Under their theory, plaintiffs would be incentivized to splinter themselves, one attorney representing one plaintiff, to each seek a full unreduced bill, which would force public officials into settlements based on artificially inflated fees. And lodestar principles exist specifically to prevent windfalls, and the District Court's award here departed from those guideposts at the expense of the taxpayer. Indeed, Fox v. Vice, the Supreme Court said, Section 1988 was never intended to produce windfalls for parties. Accordingly, the Court should reverse the award or vacate and remand. Thank you. Very well. Thank you. Thank you to all counsel. The case is submitted, and the Court will file a decision in due course.